UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SCOTT WILLIAM DAVI,<br><br>Plaintiff,<br><br>vs.<br><br>JESSICA COOK, ASSOSIATE WARDEN AT JAMISON ANEX; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MARY CARPENTER, MEDICAL DIRECTOR; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; TROY PONTO, DEPTY WARDEN AT SIOUX FALLS DOC; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ANGELA PECHOUS, UNIT COORDINATOR; IN HER INDIVIDUAL AND OFFICIAL CAPACITY; AND DANIEL SULLIVAN, IN HIS OFFICIAL CAPACITY;<br><br>Defendants. | 4:21-CV-04160-RAL<br><br><br>ORDER GRANTING MOTION TO STAY AND SETTING MOTION DEADLINE |

Defendants assert that they are protected by the doctrine of qualified immunity for the claims the Plaintiff Scott William Davi has made under 42 U.S.C. § 1983 in this case. Doc. 19 at 5. Defendants filed a Motion to Stay and Request for Motion Deadline. Doc. 21. Defendants plan on filing a motion for summary judgment based on qualified immunity and seek a motion deadline sixty days from the entry of this Order. Doc. 22 at 1.

The United States Supreme Court has held that "qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . [and] it is effectively lost if a case is erroneously permitted to go to trial.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Mitchell v.

Forsyth, 472 U.S. 511, 526 (1985)). The Supreme Court has stated "[i]ndeed, we have made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery." Pearson, 555 U.S. at 231 (quoting Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987)). "[T]he Supreme Court and the Eighth Circuit have 'repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" Gard v. Kaemingk, Civ. No. 13-4062-LLP, 2014 WL 4092776, at *4 (D.S.D. Aug. 18, 2014) (quoting O'Neil v. City of Iowa City, 496 F.3d 915, 917 (8th Cir. 2007)). "[T]he district court ha[s] the inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." Id. (quoting Contracting Nw., Inc. v. City of Fredericksburg, Iowa, 713 F.2d 382, 387 (8th Cir. 1983)). Therefore, for good cause, it is

ORDERED that Defendants' Motion to Stay and Request for Motion Deadline, Doc. 21, is granted and that discovery is stayed until this Court rules on the anticipated motion for summary judgement. It is further

ORDERED that Defendants have forty-five (45) days from the date of this order as their deadline to file such a motion.

DATED this 17th day of February, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE