UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SCOTT WILLIAM DAVI,<br><br>Plaintiff,<br><br>vs.<br><br>TROY PONTO, DEPUTY WARDEN AT SIOUX FALLS DOC, IN HIS OFFICIAL CAPACITY; ANGELA PECHOUS, UNIT COORDINATOR, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; AND AMBER PIRRAGLIA,[1] IN HER OFFICIAL CAPACITY,<br><br>Defendants. | 4:21-CV-04160-RAL<br><br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT |

Plaintiff Scott William Davi, an inmate at the South Dakota State Penitentiary (SDSP), filed this pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. Davi's claims for deliberate indifference to serious medical needs and his retaliation claims survived § 1915A screening. Doc. 7. This Court previously granted Defendants' motion for summary judgment on Davi's claim for deliberate indifference to serious medical needs. Doc. 42. Davi's retaliation claims were that Defendants retaliated against him for filing grievances and talking about suing prison staff by refusing to provide him a grievance form, underpaying him in March 2020, removing him from his prison job, and transferring him to a different housing area. Doc. 6 at 6–9; Doc. 1-1 at 11–18.

---

[1] Davi's amended complaint included claims against Dan Sullivan, the former warden of the South Dakota State Penitentiary (SDSP), in his official capacity. See Doc. 10 at 1; Doc. 14 at 1. Joseph Roemmich is now the warden of the SDSP. Roemmich is automatically substituted for Amber Pirraglia, who was the acting warden of the SDSP, on Davi's official capacity claims. Fed. R. Civ. P. 25(d).

This Court granted Defendants' motion for summary judgment on Davi's retaliation claims, except for his claim that he was underpaid in March 2020. Doc. 42. This Court reasoned that "Davi has little ability to refute Defendants' version of facts [regarding the alleged underpayment] absent discovery." Id. at 23. Therefore, this Court granted in part Davi's motion for discovery and permitted Davi "to serve interrogatories and requests for production for him to receive all available information relating to his work and disciplinary history from 2019 forward as well as his wages earned and calculation thereof, and to see whether anything in those records suggests a retaliatory motive by anyone" among the Defendants. Id. at 16. Now pending before this Court is Davi's motion for summary judgment, Doc. 48, which this Court construes as a motion to compel, and Defendants' renewed motion for summary judgment on the remaining retaliation claim, Doc. 49.

## I.    Davi's Motion to Compel

On January 25, 2025, Davi filed a motion seeking summary judgment, appointment of counsel, and scheduling of the remaining claims for trial. Doc. 48. Davi contends that Defendants have not complied with previous orders directing Defendants to produce certain documents. Id. at 3–4. Because Davi seeks relief for Defendants' alleged failure to comply with this Court's discovery orders, his "Motion for Summary Judgement [sic] or Appoint an Attorney and Set Trial" is more appropriately characterized as a motion to compel.[2] Doc. 48 (capitalization in original omitted).

Contrary to Davi's assertion, this Court did not enter an order pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) directing Defendants to respond to any discovery requests Davi has

---

[2] Instead of arguing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law, Davi requests that this Court "find that material facts do exist[.]" Doc. 48 at 1. This Court previously notified the parties that it intends to construe Davi's motion as a motion to compel and informed Davi that he may file a reply brief after Defendants responded to his motion to compel. Doc. 53 at 2.

served. Rather, this Court entered orders permitting Davi to serve discovery requests and setting a deadline for him to do so. Davi asserts that this Court, by Order dated March 29, 2024, granted in part Davi's "motion for discovery that states all the documents plaintiff has asked to be provided." Doc. 48 at 3. When Davi responded to Defendants' initial motion for summary judgment, Davi also filed a motion for limited discovery, Doc. 34. When denying Defendants' motion for summary judgment on Davi's retaliation claim alleging that he was underpaid in March 2020, the Court granted in part Davi's motion for discovery and permitted "Davi to serve interrogatories and requests for production for him to receive all available information relating to his work and disciplinary history from 2019 forward as well as his wages earned and calculation thereof, and whether any records exist to suggest a retaliatory motive by anyone at SDSP." Doc. 42 at 32.

Subsequently, this Court ordered Davi to serve the interrogatories and requests for production as permitted by the Order granting in part his motion for discovery no later than December 12, 2024. Doc. 46 at 3. By letter dated December 12, 2024, Davi served a set of interrogatories directed to Angela Bell and a set of interrogatories directed to Benjamin Moore. Doc. 47 at 1; Doc. 47-1; Doc. 47-2. Defendants objected to the interrogatories because Bell and Moore are not named Defendants, and Federal Rule of Civil Procedure 33(a) and (b) requires interrogatories to be directed to and served on parties. Doc. 47-3; Doc. 47-4.

In his motion, Davi contends that "Defendants have not provided any of Plaintiffs [sic] requested documents that this court ordered in its November 25th 2024 order[.]" Doc. 48 at 4. Although this Court ordered Defendants to respond to Davi's interrogatories and request for production no later than 30 days after service, Doc. 46 at 3, this directive was not intended to expand the scope of the discovery permitted by the Federal Rules of Civil Procedure. Further, this

3

Court did not order that non-parties respond to interrogatories or that any Defendant respond to interrogatories directed to non-parties. See Doc. 46. Defendants' objection to the interrogatories Davi served that were directed to non-parties is well-taken. Thus, to the extent that Davi seeks an Order compelling Defendants to respond to the interrogatories directed to Bell and Moore, who are not named Defendants, or seeking relief for Defendants' failure to respond to the interrogatories, Davi's motion to compel, Doc. 48, is denied.

An attachment to Davi's motion to compel states that Davi had written a letter to Defendants' counsel requesting a copy of his disciplinary record, payroll by month, all informationals written about him, and that date and reasons that the dog program was shut down, restarted and then shutdown again for good. Doc. 48-1 at 1. Although Davi does not identify when he sent this letter, the letter was directed to an attorney who withdrew in October 2023 because she left the Attorney General's Office. Doc. 41. That attorney stopped representing the Defendants nearly six months before this Court's March 29, 2024, order allowing Davi to serve interrogatories and requests for production. Doc. 41; Doc. 42 at 23, 32. Because Davi did not incorporate his informal requests in a formal discovery request within the scope of the Federal Rules of Civil Procedure, this Court does not have authority to enter an order compelling Defendants to respond to Davi's informal letter request. Moreover, a review of the record indicates that Defendants' counsel did, in fact, timely respond to Davi's informal letter request, but that Davi's request did not actually seek his payroll by month. Doc. 38-1. Accordingly, Davi's motion to compel, Doc. 48, is denied.

## II. Defendants' Renewed Motion for Summary Judgment

### A. Material Facts Not Subject to Genuine Dispute

Defendants complied with Civil Local Rule 56.1(A) by filing a statement of undisputed material facts in support of their renewed motion for summary judgment. Doc. 55; D.S.D. Civ. LR 56.1(A). Local Rule 56.1(B) required Davi to "respond to each numbered paragraph in the moving party's statement of material facts with a separately numbered response and appropriate citations to the record." D.S.D. Civ. LR 56.1(B). "All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts." D.S.D. Civ. LR 56.1(D); see also Fed. R. Civ. P. 56(e)(2) (providing that the court can consider a fact undisputed when a party "fails to properly address another party's assertion of fact as required by Rule 56(c)"). This rule applies even when the non-moving party is proceeding pro se. Johnson v. Kaemingk, 4:17-CV-04043-LLP, 2020 WL 1441713, at *1 (D.S.D. Mar. 23, 2020) (deeming facts admitted where a pro se plaintiff filed an opposition to a motion for summary judgment but did not comply with D.S.D. Civ. LR 56.1(B)); Joe v. Walgreens Co/ILL, 4:09-CV-04144-RAL, 2010 WL 2595270, at *1 (D.S.D. June 23, 2010) (deeming facts admitted where a pro se non-moving party did not submit a statement of material facts or directly respond to the moving party's statement of material facts); see also Bunch v. Univ. of Ark. Bd. of Trs., 863 F.3d 1062, 1067 (8th Cir. 2017) (holding that a litigant's pro se status does not excuse him from following the district court's local rules).

Although Davi responded to Defendants' renewed motion for summary judgment, Doc. 56, he has not responded to Defendants' statement of material facts, Doc. 55, with separately numbered paragraphs and appropriate citations to the record, as required by D.S.D. Civ. LR 56.1(B). Thus, this Court can deem all the statements in Defendants' statement of material facts,

Doc. 55, as admitted. Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001) (stating that a plaintiff's pro se status does not excuse him from responding to a motion for summary judgment "with specific factual support for his claims to avoid summary judgment[]") (citing Fed. R. Civ. P. 56(e)).

Davi's complaint and amended complaint are verified. Doc. 1 at 10; Doc. 6 at 10. He has also filed two affidavits. Docs. 36, 37. This Court is not required to "plumb the record in order to find a genuine issue of material fact[.]" Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996). But to ensure that the facts are viewed in the light most favorable to Davi as the non-moving party, this Court will consider any specific, non-conclusory facts alleged in these documents. See Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) ("[T]he facts alleged in a verified complaint need not be repeated in a responsive affidavit in order to survive a summary judgment motion."). This Opinion and Order, of course, makes no findings of fact and sets forth the facts in the light most favorable to Davi, as it must in ruling on Defendants' renewed motion for summary judgment.

On January 10, 2020, Davi filed informal resolution request #30723 about his recovery after his knee surgery, and Health Services answered the request. Doc. 26 ¶¶ 5, 6. According to Davi, Unit Coordinator Angela Pechous "screemed [sic] and yelled about how she paid for [his] surgery and that they owned [him] and could do whatever they wanted, that they didn't have to do anything that the surgen [sic] had ordered[.]" Doc. 6 at 6. See also Doc. 36 ¶ 3. Pechous responds that she "did not ever make any of those comments. There were no conversations between Davi and [her] regarding any of his medical issues." Doc. 26 ¶ 4. According to Davi, after he received a response to his informal resolution request #30723, he asked Pechous for a Formal Resolution form, but Pechous walked away and refused to provide the form. Doc. 6 at 6; Doc. 36 ¶ 4. Davi reported Pechous to Associate Warden Troy Ponto, and after Pechous rotated to another floor, filed

6

a grievance against her because of her alleged failure to provide a Formal Resolution form and other alleged retaliatory acts. Doc. 1-1 at 10, 19; Doc. 26 ¶ 6; Doc. 36 ¶¶ 5, 10.

Davi had worked as a dog trainer at the SDSP in a program through the Humane Society. Doc. 29 ¶¶ 8, 9; Doc. 36 ¶ 2. But when the Covid-19 pandemic caused the Humane Society to suspend the program in March 2020, Davi was no longer able to work as a dog trainer. Doc. 26 ¶ 9; Doc. 30 ¶ 23; Doc. 35 ¶ 23; Doc. 36 ¶ 7; Doc. 51 ¶ 8. When the Humane Society resumed the program, Davi was rehired as a dog trainer. Doc. 30 ¶ 28; Doc. 35 ¶ 28; Doc. 51 ¶ 10.

While the dogs were away from the SDSP, Davi was assigned another job at SDSP bleaching doors. Doc. 26 ¶ 13; Doc. 30 ¶ 27; Doc. 35 ¶ 27; Doc. 36 ¶ 19. According to Davi, Unit Manager Bieber asked him if he was working nights bleaching doors, and when Davi responded no, Davi contends that Bieber "went and talked to Pechous and [Davi] was given evening hours[.]" Doc. 36 ¶ 19. But this portion of Davi's affidavit does not comply with Fed. R. Civ. P. 56(c)(4). Specifically, Davi's affidavit does not allege how he knows whether Bieber in fact went to Pechous and what transpired during that conversation. Doc. 36. Davi does not allege that Bieber discussed with Davi any conversation between Bieber and Pechous. Id. Nor does Davi allege that he overheard Bieber's alleged conversation with Pechous. Id. Pechous avers that "[a]ll the bleachers have the same hours at the Jameson Annex and are paid the same." Doc. 26 ¶ 22. Davi disputes that all bleachers have the same hours and contends that Bieber gave him evening hours bleaching doors and that he was not paid for the evening hours he worked bleaching doors. Doc. 36 ¶ 19.

Davi contends that he earned $46.25 in March 2020, but was paid only $22.75. Doc. 1-1 at 14. Defendants deny this claim. According to Defendants, Davi worked fewer hours in March 2020 than he typically worked because of disruptions related to the Covid-19 pandemic, but was compensated for every hour that he worked in March 2020. Doc. 51 ¶¶ 13–15; Doc. 55 ¶ 15. In

February, June, July, August, and September of 2020, Davi worked 185 hours. Doc. 50-1. As Defendants point out in the memorandum in support of their renewed motion for summary judgment, the number of hours Davi actually worked in March 2020 is approximately 49% of the number of hours he worked in February, June, July, August, and September of 2020, and the amount that Davi was paid in March 2020, $22.75, is approximately 49% of the amount Davi contends he should have been paid. Doc. 50 at 5–6.

### B.     Legal Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On summary judgment, the evidence is "viewed in the light most favorable to the nonmoving party[.]" True v. Nebraska, 612 F.3d 676, 679 (8th Cir. 2010) (citation omitted). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine . . . ." RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 401 (8th Cir. 1995). There is a genuine issue of material fact if "a reasonable jury [could] return a verdict for either party[]" on a particular issue. Mayer v. Countrywide Home Loans, 647 F.3d 789, 791 (8th Cir. 2011). A party opposing a properly made and supported motion for summary judgment must cite to particular materials in the record supporting the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1); Gacek v. Owens & Minor Distrib., Inc., 666 F.3d 1142, 1145 (8th Cir. 2012). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007).

**C.    Analysis**

"[T]he First Amendment 'prohibits government officials from subjecting individuals to "retaliatory actions" after the fact for having engaged in protected speech.'" Aldridge v. City of St. Louis, 75 F.4th 895, 898 (8th Cir. 2023) (quoting Houston Cmty. Coll. Sys. v. Wilson, 595 U.S. 468, 474 (2022)). To state a First Amendment retaliation claim, Davi must first show that he engaged in protected First Amendment activity. Id. (citations omitted). This Court has already determined that Davi has demonstrated that he engaged in protected activity when he filed a grievance about lack of medical care and talked about suing prison staff.[3] Doc. 42 at 19. Davi must also show that Defendants "took [an] adverse action . . . that would chill a person of ordinary firmness from continuing in the [protected] activity." Aldridge, 75 F.4th at 899 (alterations in original) (quoting Molina v. City of St. Louis, 59 F.4th 334, 338 (8th Cir. 2023)). The retaliatory conduct itself need not be unconstitutional; "the violation is acting in retaliation for the 'exercise of a constitutionally protected right.'" Spencer v. Jackson Cnty., 738 F.3d 907, 911 (8th Cir. 2013) (quoting Cody v. Weber, 256 F.3d 764, 771 (8th Cir. 2001)). "[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990) (internal quotation omitted). Finally, Davi must prove Defendants "would not have taken the adverse action but for harboring 'retaliatory animus' against [him] because of his exercise of his First Amendment rights." Mitchell v. Kirchmeier, 28 F.4th 888, 896 (8th Cir. 2022) (citing Nieves v. Bartlett, 587 U.S. 391, 399 (2019)).

---

[3] Davi alleges that he filed a grievance about Pechous's alleged retaliatory actions after she rotated off his floor, Doc. 36 ¶ 5, but that grievance was not filed until March 24, 2021, more than year after the alleged retaliation in issue, i.e., not paying Davi for all the hours he worked in March 2020. Doc. 1-1 at 10, 19.

9

This Court need not decide whether paying Davi $22.75 instead of $46.25 in March 2020 would chill a person of ordinary firmness from continuing in the protected activity[4] because Davi has not come forward with any competent, admissible evidence to establish that he did, in fact, work hours in March 2020 for which he was not paid or that there is any causal connection between the amount that Davi was paid in March 2020 and any alleged retaliatory animus stemming from the January 10, 2020 grievance he submitted regarding his recovery from knee surgery.

According to Defendants' statement of undisputed facts, to which Davi did not respond, Davi worked 91 hours in March 2020 and was paid for 91 hours in March 2020. Doc. 55 ¶ 16. Although Davi worked fewer hours in March 2020 than he typically worked in most months, the reduction in hours was due to disruptions caused by the Covid-19 pandemic rather than any alleged retaliatory conduct. Id. ¶ 17. In his response to Defendants' renewed motion for summary judgment, Davi asserts that "the defendant has presented this court with printouts with hours they claim they paid plaintiff, with no proff [sic] of them paying Plaintiff, they have not shown why they paid Plaintiff what they say he was paid." Doc. 56 at 2. Davi also argues that "[t]here is no work history that says inmate Davi worked these hours as a laundry orderly, a bleacher, or for the Humain [sic] soceity [sic] as a dog trainer[.]" Id. Davi contends that "factual evidence is out there that can prove [his] claims," but he claims that he cannot obtain and present this evidence without an attorney. Id. at 4. Davi also claims that "inmates are registered in com's as to the job they work, what they get paid for what job, [he] has an account that he is paid in, and the hours for that job that are kept[.]" Id. at 4–5. Davi contends that he "has not been provided any of those

---

[4] In their Brief in Support of their Renewed Motion for Summary Judgment, Defendants argue that the alleged underpayment is, at most, de minimis and cannot give rise to a viable retaliation claim. Doc. 50 at 4–5.

items[.]" Id. at 5. But there is no record evidence that Davi served discovery requests seeking these items despite being given an opportunity to do so.

When this Court denied in part Defendants' motion for summary judgment, the Court granted in part Davi's motion for discovery and permitted him to "serve interrogatories and requests for production for him to receive all available information relating to his work and disciplinary history from 2019 forward as well as his wages earned and calculation thereof, and whether any records exist to suggest a retaliatory motive by anyone at SDSP." Doc. 42 at 32. Although Davi did serve interrogatories directed to non-parties, the interrogatories directed to Bell and Moore relate to retaliation claims that this Court dismissed when it granted in part Defendants' initial motion for summary judgment. Compare Doc. 42 at 18–23 with Doc. 47-1; Doc. 47-2. Davi's interrogatories to Bell and Moore do not seek any information about the number of hours he worked in March 2020, the amount that he was paid in March 2020, or any of the other evidence Davi asserts is out there but which he has not been provided. Doc 47-1; Doc. 47-2; Doc. 56 at 4–5. If Davi had served interrogatories and requests for production seeking "information relating to his work and disciplinary history from 2019 forward as well as his wages earning and calculation thereof," he could have received the "factual evidence" he asserts is out there to refute Defendants' statement of undisputed facts. Instead, Davi served interrogatories directed to non-parties seeking information regarding the dismissed retaliation claims.[5] Doc. 47-1; Doc. 47-2. Although Davi

---

[5] In his opposition to Defendants' renewed motion for summary judgment, Davi also discusses the "facts" he contends that he has presented related to the retaliation claims that did not survive summary judgment. According to Davi "facts are present that a jury could find that Pechous did retaliate against Davi, did get the dog program shut-down and did cause Davi's loss of emotional support that he had working with the dogs, and loss of wages from the shut-down of the dog program." Doc. 56 at 4. To the extent Davi is asking for reconsideration of the order granting partial summary judgment in favor of Defendants on all Davi's retaliation claims other than his claim that he was underpaid in March 2020, Davi's request is denied.

questions whether the "print out" Defendants provided accurately reflects the number of hours he worked in March 2020, Doc. 56 at 5, Davi have not come forward with any competent evidence to create a genuine issue of material fact regarding the number of hours he worked in March and whether he was paid for all those hours. To overcome Defendants' motion for summary judgment, Davi must cite particular materials in the record such as depositions, documents, affidavits, declarations, or interrogatory answers. Fed. R. Civ. P. 56(c)(1)(A). He "may not simply rest on the hope of discrediting the movant's evidence at trial." Erickson v. Nationstar Mortg., LLC, 31 F.4th 1044, 1048 (8th Cir. 2022) (internal quotation omitted).

Moreover, even if Davi had raised genuine issue of material fact whether he was compensated for all the hours he worked in March 2020, Defendants are still entitled to summary judgment on Davi's retaliation claim because Davi cannot link the alleged failure to pay him for all the hours he worked to any retaliatory animus. "Generally, more than a temporal connection is required to present a genuine factual issue on retaliation[.]" Tyler v. Univ. of Ark. Bd. of Trs., 628 F.3d 980, 986 (8th Cir. 2011) (internal quotation omitted). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury." Nieves, 587 U.S. at 398. Here, there is no evidence that Pechous was aware that Davi was allegedly working evening hours bleaching doors. There is no evidence that Pechous had any role in documenting the number of hours Davi worked in March 2020 or processing payment for the hours Davi worked. In fact, there is not even any evidence that Pechous was aware in or around March and April 2020 that Davi believed that he had worked hours for which he had not been compensated.[6] Davi's allegation that he was underpaid in March 2020 in retaliation for submitting

---

[6] Davi alleges that "she [Pechous] cut [his] pay in half and wouldn't fix it." Doc. 1-1 at 11; See also id. at 14 (alleging that "on or about 4-10-2020, I was paid $22.75 instead of $46.25 for March. I pointed this out to coordinator Pechous, she just looked at me and never did fix it.").

12

a grievance in January 2020 regarding medical treatment for his knee is entirely speculative and unsupported by any competent, admissible evidence. To demonstrate the causal link to support his retaliation claim, Davi must present evidence that "the adverse action against . . . [him] would not have been taken absent the retaliatory motive." Nieves, 587 U.S. at 399. Here, the lack of any evidence (other than Davi's speculative, unsupported allegations) connecting the alleged underpayment to his grievance is "fatal to the retaliation claim[]." Aldridge, 75 F.4th at 900–01.[7]

### III. Conclusion

Accordingly, it is

ORDERED that Davi's "Motion for Summary Judgement [sic] or Appoint an Attorney and Set Trial," Doc. 48, which this Court construes as a motion to compel, is denied. It is further

ORDERED that Defendants' Renewed Motion for Summary Judgment, Doc. 49, is granted.

DATED this 22nd day of September, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

---

Davi's bare allegations are insufficient as a matter of law to create a genuine issue of material fact. Turner v. Mull, 784 F.3d 485, 489 (8th Cir. 2015) ("[The non-moving party] may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in [his] favor." (quotation omitted) (second alteration in original)).

[7] Despite the "but-for" causation standard recognized in Nieves and applied in Aldridge, the United States Court of Appeals for the Eighth Circuit has cited pre-Nieves cases for the proposition that a plaintiff alleging a § 1983 First Amendment retaliation claim must show that the adverse action was "motivated at least in part by the exercise of the protected activity." See, e.g., Lamar v. Payne, 111 F.4th 902, 907 (8th Cir. 2024) (citation omitted). Because of the complete absence of evidence of retaliatory motive in this case, Davi fails to satisfy either causation standard.